IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

T.M. PATENTS, L.P., and　　　　　　:
T.M. CREDITORS LLC,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiffs,　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　:　　Civil Action No. _____
　　　　　　　　　　　　　　　　　　　　　:
LSI CORPORATION,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendant.　　:

## COMPLAINT AND JURY DEMAND

1.　　　Plaintiffs T.M. Patents, L.P. ("TM Patents") and T.M. Creditors LLC ("TM Creditors") for their complaint against Defendant LSI Corporation ("Defendant LSI") allege as follows:

## PARTIES

2.　　　Plaintiff TM Patents is a limited partnership of the State of Delaware having its principal place of business at 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035.

3.　　　Plaintiff TM Creditors is a limited liability corporation of the State of Delaware having its principal place of business at 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035.

4.　　　Defendant LSI is a corporation of the State of Delaware having a principal place of business at 1621 Barber Lane, Milpitas, CA 95035.

5.　　　Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI is doing business in this judicial district.

## JURISDICTION AND VENUE

6.      This action arises under the Patent Laws of the United States, Title 35 United States Code.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

8.      Defendant LSI participates in the market of RAID systems.  RAID (an acronym for Redundant Array of Independent Disks) is a storage technology that combines multiple disk drive components into a logical unit.  Data is distributed among the drives using a storage controller.

9.      Plaintiffs are informed and believe, and upon such information and belief, allege that LSI manufactured, offered for sale, and sold LSI storage controllers and RAID systems incorporating LSI controllers under the brand name Engenio.  Model numbers of LSI storage controllers and/or Engenio RAID systems include, for example, 1331, 1333, 1932, 2772, 2822, 2882, 3240, 3621, 3992, 3994, 4774, 4884, 5884, 6498, 6994, 6998, and 6998ES.

10.      Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI advertised Engenio RAID systems and/or LSI controllers for use in RAID systems and provided technical support for installing and using Engenio RAID systems and/or for installing and using LSI storage controllers in RAID systems.

11.      Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI's storage controllers are specifically configured for use with disk drives in a RAID system and have no other substantial commercial use other than as controllers in RAID systems.

2

12.    Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI has sold Engenio RAID systems and/or LSI controllers for incorporation into RAID systems to original equipment manufacturers (OEMs).  Examples of such OEMs include Super Micro Computer, Inc., Teradata Corporation, and Lenovo.

13.    Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI and OEMs have sold Engenio RAID systems and/or other RAID systems comprising LSI storage controllers to end users including, for example, financial institutions, insurance companies, health care providers, and social media providers, which operate the RAID systems.

14.    Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI used Engenio RAID systems and/or other RAID systems comprising LSI storage controllers during the development and testing of the LSI storage controllers and/or Engenio RAID systems.

15.    Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI used Engenio RAID systems and/or other RAID systems comprising LSI storage controllers for internal operations.

16.    Defendant LSI is in the market of selling switches for networking servers with low latency using cut-through switching.  Cut-through switching is a method in which the switch starts to forward a packet of information from a first node to a second node before the whole packet has been received at the first node.

17.    Defendant LSI has manufactured offered for sale and has sold switches that facilitate cut-through switching among servers.  Examples of such switches include LSI SAS6100 series SAS switches, and, in particular, the LSI SAS6160 and LSI SAS6161.

18.    Defendant LSI advertised integrating its switches with servers and storage installations in cloud computing, mega datacenter, and small-to-medium sized business environments.  Defendant LSI provided technical support for users to integrate its switches with servers.

19.     Defendant LSI has sold its switches to OEMs and users which interfaced them with servers to facilitate cut-through switching among the servers.

20.     Defendant LSI's SAS switches have no other substantial commercial use other than for network cut-through switching.


## PATENTS-IN-SUIT

21.     Plaintiff TM Patents is the lawful owner of United States Letters Patent No. 4,899,342 ("'342 Patent") entitled "Method and Apparatus for Operating Multi-Unit Array of Memories" which duly and legally issued on February 6, 1990 and names David Potter, Laurence N. Provost, John M. Baron, David Stefanovic, Eric D Sharakan, David A. Sheppard, and Marshall A. Isman as the inventors. A copy of the '342 Patent is attached hereto as Exhibit A.

22.     Plaintiff TM Patents is the lawful owner of United States Letters Patent No. 5,212,773 ("'773 Patent") entitled "Wormhole Communications Arrangement for Massively Parallel Processor" which duly and legally issued on May 18, 1993 and names W. Daniel Hillis as the inventor. A copy of the '773 Patent is attached hereto as Exhibit B.

23.     The '342 and '773 Patents are collectively referred to herein as the "PATENTS-IN-SUIT."

24.     Plaintiff TM Patents is the owner of the entire right and title to the PATENTS-IN-SUIT. Pursuant to the terms of that Restructuring and Forbearance Agreement dated as of January 28, 2000 by and between, *inter alia*, TM Patents and TM Creditors, TM Creditors is given sole and exclusive control of the licensing and litigation process concerning the PATENTS-IN-SUIT.

25.     The PATENTS-IN-SUIT were assigned to TM Patents on February 8, 1996 by RTMC Corporation and RTPC Corporation. Public notice of TM Patent's ownership of the PATENTS-IN-SUIT was provided when the United States Patent and Trademark Office recorded the assignments on February 27, 1996.

26.     TM Patents' ownership in the '773 Patent was perfected in or about May 2003 by confirming that the U.S. Government has a paid-up license to the patent.

27.     Plaintiffs have never imported, made, sold or offered for sale any products covered by the PATENTS-IN-SUIT.  Plaintiffs have licensed the PATENTS-IN-SUIT. Plaintiffs are informed and believe, and upon such information and belief, allege that licensees have not made, offered for sale, or sold product covered by the '773 Patent as to require marking.

28.     Defendant LSI received constructive notice of the PATENTS-IN-SUIT.

29.     Plaintiffs are informed and believe, and upon such information and belief, allege that, as of December 2006, Defendant LSI had actual knowledge of the PATENTS-IN-SUIT for at least the reason that one of Defendant LSI's customers, SUN MICROSYSTEMS, was sued by Plaintiff for infringing the PATENTS-IN-SUIT.

30.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI is sophisticated in patent matters, and understands the need to investigate whether its products or the use of its products by its customers or others infringe known third-party patents.

31.     Defendant LSI continued to sell LSI storage controllers, Engenio RAID systems, and SAS switches after December 2006 despite having actual knowledge of the PATENTS-IN-SUIT and the fact that at least one of its customers was being sued in connection with Defendant LSI's storage controllers.


## COUNT I

### (PATENT INFRINGEMENT OF U.S. PATENT NO. 4,899,342)

32.     This is a claim for patent infringement under 35 U.S.C. § 271 and § 281.

33.     Plaintiffs hereby repeat, re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein.

34.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed claims 7, 8, 10 and 16 through 18 of the '342 Patent, either literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through their relationships with customers, OEMs and/or end users in violation of § 271(a)-(c) and (f).

35.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed directly claims 7, 8, 10 and 16 through 18 of the '342 Patent, either literally or under the doctrine of equivalents, by, among other things, using LSI storage controllers, Engenio RAID Systems and other products to perform the method of claims 7, 8, 10 and 16 through 18 of the '342 Patent.

36.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed indirectly 7, 8, 10 and 16 through 18 of the '342 Patent, either literally or under the doctrine of equivalents, by, among other things, actively inducing customers, OEMs and/or end users to use LSI storage controllers, Engenio RAID systems, and/or other LSI products to perform the method of claims 7, 8, 10 and 16 through 18 of the '342 Patent.

37.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI has been aware of the '342 patent since at least December 2006, and despite such knowledge, Defendant LSI has specifically intended that its customers, OEMs and end users use the LSI storage controllers, Engenio RAID systems, and/or other LSI products in such a way that infringes claims 7, 8, 10 and 16 through 18 of the '342 Patent, either literally or under the doctrine of equivalents, by at least advertising such use and by providing instructions and technical support for such use, and that Defendant LSI knew or should have known that its actions were inducing infringement.

38.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed indirectly claims 7, 8, 10 and 16 through 18 of the '342 Patent, either literally or under the doctrine of equivalents, by, among other things, contributing to the infringement of these claims by providing its

6

customers, OEMs and end users with LSI storage controllers, Engenio RAID systems, and/or other LSI products to perform the method of claims 7, 8, 10 and 16 through 18 of the '342 Patent.

39.     Defendant LSI has made, used, sold, offered for sale, or imported the LSI storage controllers, Engenio RAID systems, and/or other LSI products with knowledge of the '342 patent, and knowing that the LSI storage controllers, Engenio RAID systems, and/or other LSI products would be used in such a way as to infringe claim 7, 8, 10 and 16 through 18 of the '342 Patent. The LSI storage controllers and/or Engenio RAID systems are especially made or adapted to perform a process that infringes claims 7, 8, 10 and 16 through 18 of the '342 Patent, and are not a staple article or commodity suitable for substantial noninfringing use.

40.     Defendant LSI committed these acts without a license or authorization from Plaintiffs.

41.     Defendant LSI has derived, received gains, profits and advantages in amounts not presently known by Plaintiffs with certainty, from its acts of infringement of claims 7, 8, 10 and 16 through 18 of the '342 Patent.

42.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, despite having knowledge of the '342 Patent since at least December 2006, knowingly, willfully and deliberately infringed claims 7, 8, 10 and 16 through 18 of the '342 Patent in disregard of Plaintiffs' rights, thus rendering this action against Defendant LSI "exceptional" as that term is employed in 35 U.S.C. § 285.

43.     Due to the acts of infringement by Defendant LSI, Plaintiffs are entitled to any monetary recovery arising out of the infringement of such patent.

## COUNT II
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 5,212,773)

44.     This is a claim for patent infringement under 35 U.S.C. § 271 and § 281.

45.     Plaintiffs hereby repeat, re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein.

46.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed the '773 Patent, either literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through their relationships with customers, OEMs and/or end users in violation of § 271(a)-(c) and (f).

47.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed directly the '773 Patent, either literally or under the doctrine of equivalents, by, among other things, importing, making, using, selling, or offering for sale the LSI SAS switches and other LSI products covered by the '773 Patent.

48.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed indirectly the '773 Patent, either literally or under the doctrine of equivalents, by, among other things, actively inducing its customers, OEMs and/or end users to configure LSI SAS switches and other LSI products in a way as to be covered by the '773 Patent.

49.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI has been aware of the '773 Patent since at least December 2006, and, despite such knowledge, Defendant LSI has specifically intended that its customers, OEMs and end users configure LSI SAS switches and other LSI products in such a way that they are covered by the '773 Patent, either literally or under the doctrine of equivalents, by at least advertising such configurations and by providing instructions and technical support for such configurations, and that Defendant LSI knew or should have known that its actions were inducing infringement.

50.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, through its agents, employees and servants, has infringed indirectly the '773 Patent, either literally or under the doctrine of equivalents, by, among other things, contributing to the infringement of this patent by providing its customers, OEMs and end users with LSI SAS

switches and other LSI products to be configured in such a way as to be covered by the '773 Patent.

51.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI has made, used, sold, offered for sale, or imported the LSI SAS switches and other LSI products embodying the claimed invention with knowledge of the '773 Patent, and knowing that the LSI SAS switches and other LSI products would be configured to be covered by the '773 Patent.  The LSI SAS switches and other LSI products are especially made or adapted to be configured according to the '773 Patent, and are not a staple article or commodity suitable for substantial noninfringing use.

52.     Defendant LSI committed these acts without a license or authorization from Plaintiffs.

53.     Defendant LSI has derived, received gains, profits and advantages in amounts not presently known by Plaintiffs with certainty, from its acts of infringement of the '773 Patent.

54.     Plaintiffs are informed and believe, and upon such information and belief, allege that Defendant LSI, despite having knowledge of the '773 Patent since at least December 2006, knowingly, willfully and deliberately infringed the '773 Patent in disregard of Plaintiffs' rights, thus rendering this action against Defendant LSI "exceptional" as that term is employed in 35 U.S.C. § 285.

55.     Due to the acts of infringement by Defendant LSI, Plaintiffs are entitled to any monetary recovery arising out of the infringement of such patent.


WHEREFORE, plaintiffs pray for the following relief:

A.     that Defendant LSI be adjudged to have infringed the PATENTS-IN-SUIT;

B.     that Defendant LSI be adjudged to have willfully and deliberately infringed the PATENTS-IN-SUIT;

C.     that Defendant LSI account for damages to Plaintiffs for its infringement of the PATENTS-IN-SUIT;

D.      that a judgment be entered against Defendant LSI awarding Plaintiffs all damages to which they are entitled under 35 U.S.C. § 284, including increased damages for Defendant's willful infringement;

E.      that an assessment be awarded to Plaintiffs of interest on the damages so computed;

F.      that the Court award Plaintiffs their reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

G.      that Plaintiffs receive such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by a jury on all issues so triable.

T.M. PATENTS, L.P., and
T.M. CREDITORS LLC

By their attorneys,


*/s/ Zachary W. Berk*
Peter S. Brooks (BBO #058980)
Zachary W. Berk (BBO #663575)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 723-3300
Dated: August 1, 2012          F: (617) 723-4151